ACCEPTED
01-14-01011-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/5/2015 9:40:28 AM
CHRISTOPHER PRINE
CLERK

HOPE THERAPY, Appellant

No. 01-14-01011-CV                            v.

FILED IN
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/5/2015 9:40:28 AM
CHRISTOPHER A. PRINE
CLERK

ST. ANTHONY'S HOSPITAL a/k/a LTHM HOUSTON-OPERATIONS, LLC d/b/a
ST. ANTHONY'S HOSPITAL, Individually, as well as Jointly and Severally; AND JASON
LEDAY a/k/a JASON DAMON LEDAY, Individually, as well as Jointly and Severally; AND
DERIC OUTLEY a/k/a DERIC DEMOND OUTLEY, Individually, as well as Jointly and
Severally; and VICTORIA MAE BABINEAUX a/k/a VICTORIA SHANEQUIA
BABINEAUX, Individually, as well as Jointly and Severally, Appellees

**************************************************

On Appeal from the 269th District Court
Of Harris County, Texas
Cause No.: 2012-74149

**************************************************

## APPELLANT'S MOTION FOR SANCTIONS DUE TO FAILURE OF APPELLEES TO ATTEND MEDIATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Appellant, **HOPE THERAPY,** in the above styled and numbered cause, by and through their Attorney of Record, Wayman L. Prince, Attorney at Law and files this Appellant's Motion for Sanctions Due to Failure of Appellees to Attend Mediation pursuant to TX. C. P. R §154 and would show the following:

### I.    FAILURE OF APPELLEES TO ATTEND MEDIATION

A) **Above case ordered for mediation**.  The above case was Ordered to mediation by Memorandum Order of Referral to mediation on January 21, 2015 pursuant to TX. C. P. R §154.  All parties and their Attorneys agreed to a Mediation Date on March 2, 2015, **which was within Forty-Five (45) days from the date of the order, on or about January 21, 2015.**

The Court clearly stated on Page 3 of its Order, the following:

5

*"All Parties, or their representative with full settlement authority, **shall attend** the mediation **with their counsel.**"* (emphasis supplied).

B) **Appellant and Attorney in Attendance but not Appellees and their Attorney.**

Exhibits "A" and "B", attached hereto and made a part hereto, demonstrate that Appellee was to have his parties present in attendance: Jason LeDay and Deric Outley, present with a written Power of Attorney for the Appellee, Victoria Babineaux. However, only Jason LeDay for the Defendants/Appellees appeared and there was no Written Power of Attorney nor any appearance by either Deric Outley or Victoria Babineaux.

The Appellees' Attorney, Ted Troy Tindal had plenty of opportunity to Notice and to have the Appellees present at the mediation.

## II.     ATTORNEY CONDUCT NOT IN GOOD FAITH

A) **Attorney Conduct Not in Good Faith**. The Appellees Attorney conduct is **the central focus** of this sanctionable conduct.   Not only did he communicate in writing to the Appellant's Attorney that two (2) out of three (3) of his clients would appear, and he was also requested to provide a written Power of Attorney for the third (3rd) client and did not.   This clearly was **not** in good faith nor representative of conduct for an Officer of the Court.

B) **The specific statute for Sanctions on the Conduct of the Attorney:**

   *"CPRC §10.002. MOTION FOR SANCTIONS*

   *(a) A party may make a motion for sanctions, describing the specific conduct violating Section 10.001.*
   *(b) The court on its own initiative may enter an order describing the specific conduct that appears to violate Section 10.001 and direct the alleged violator to show cause why the conduct has not violated that section.*

*(c) The court may award to a party prevailing on a motion under this section the reasonable expenses and attorney's fees incurred in presenting or opposing the motion, and if no due diligence is shown the court may award to the prevailing party all costs for inconvenience, harassment, and out-of-pocket expenses incurred or caused by the subject litigation. "* (emphasis supplied).

## C) Sanctions, By Case Law, May include a Party's Cost:

"*Yuen v. Gerson,* 342 S.W.3d 824, 828 (Tex.App.-Houston [14th Dist.] 2011, pet. denied). "Because the language in [CPRC] §§9.012 and 10.004 is substantially similar to the language of [TRCP] 13, we conclude those sections **likewise limit sanctions to the signatory attorney and a represented party**".

"*Unifund CCR Partners v. Villa,* 273 S.W.3d 385, 391-92 (Tex.App.-San Antonio 2008), *rev'd on other grounds,* 299 S.W.3d 92 (Tex.2009). "[ T ]he sanctions listed in §10.004(c) are not exclusive and would not preclude the trial court from imposing a monetary sanction that would include, in part, **a party's cost for inconvenience and harassment.**" (emphasis supplied).

In the case at bar, the Appellant's costs to the mediator for the Mediation Fee was Eight Hundred Dollars ($800.00). The Appellant is seeking the remittance of the Eight Hundred Dollars ($800.00) from the Appellees' Attorney since the Attorney's conduct affected the mediation process.

## D) The Deterrent Effect of the Sanction May Include reasonable Expenses:

"*CPRC §10.004. VIOLATION; SANCTION*
*(b) The sanction must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated.*
*(c) A sanction may include any of the following:*
*(1) a directive to the violator to perform, or refrain from performing, an act;*
*(2) an order to pay a penalty into court; and*
*(3) an order to pay to the other party the amount of the **reasonable expenses incurred by the other party** because of the filing of the pleading or motion, including reasonable attorney fees. "* (emphasis supplied)

## E) And the Case Law Supports the Imposition of a Party's Attorney's Fees:

*"Low v. Henry,* 221 S.W.3d 609, 620-21 (tex.2007). "Generally, a sanction cannot be excessive nor should it be assessed without appropriate guidelines. Although this Court has not specifically identified factors for a trial court to consider when assessing penalties under Ch. 10, the absence of an explanation of how a trial court determined that amount of sanctions when those sanctions are especially sever is inadequate. ... Although we do not require a trial court to address all of the factors listed in [ABA, Standards & Guidelines for Practice Under Rule 11, 121 F.R.D. 101, 104 (1998),] to explain the basis of a monetary sanction under Ch. 10, **it should consider relevant factors in assessing the amount of the sanction.** In addition, the determination **of the amount of the penalty to be assessed under Ch. 10, which is not limited to attorney's fees and costs,** should **nevertheless begin with an acknowledgment of the costs and fees incurred because of the sanctionable conduct.** This provides a monetary guidepost of the impact of the conduct on the party seeking sanctions and the burdens on the court system." (emphasis supplied).

Appellant's Attorney spent four (4) hours, from 1:30 Pm to 5:30 PM in mediation and one (1) hour from 12:30 PM to 1:30 PM preparing the client for Mediation for a total of five (5) hours expended on the mediation which he is seeking reasonable and necessary attorney fees.

The Appellant's Attorney, through his Sworn Affidavit of Attorney's Fees, is five (5) hours of Sanctions at Three Hundred Dollars ($300.00) per hour for One Thousand Five Hundred Dollars ($1,500.00) plus Eight Hundred Dollars ($800.00) in mediation costs for a total of Two Thousand three Hundred Dollars ($2,300.00).

**WHEREFORE, PREMISES CONSIDERED,** the Appellant, **HOPE THERAPY,** respectfully prays for the Appellate Court to grant the Appellant her Eight Hundred Dollars ($800.00) in Mediation Fees and One Thousand Five Hundred Dollars ($1,500.00) in Attorney Fees for an aggregate total of Two Thousand Three Hundred Dollars ($2,300.00) to be paid within fifteen (15) days of the signing of this Order by Cashier's Check or Certified Funds and sent to the Law Office of Attorney Wayman L. Prince.

Respectfully submitted,


_____
Wayman L. Prince, Attorney at Law
**LAW OFFICES OF ATTORNEY WAYMAN L. PRINCE**
Member of Texas and Iowa Bars
9111 Katy Freeway – Suite 301
Houston, Texas 77024
(713) 467-1659
(713) 467-1686 (Facsimile)
**T.B.A. #16329350**

**ATTORNEY FOR APPELLANT**


**APPROVED AS TO FORM AND SUBSTANCE:**


_____
Wayman L. Prince, Attorney at Law
**LAW OFFICES OF ATTORNEY WAYMAN L. PRINCE**
9111 Katy Freeway – Suite 301
Houston, Texas 77024
(713) 467-1659
(713) 467-1686 (Facsimile)
**T.B.A. #16329350**

**ATTORNEY FOR APPELLANT**

# Exhibit "A"

*Response from Attorney Tindal for Appellees, That Both Jason LeDay and Deric Outley Would Attend 3/2/2015 Mediation*

*2/13/2015*

**Wayman Prince**

| | |
|---|---|
| **From:** | Karina Erazo <karina@dionramos.com> |
| **Sent:** | Friday, February 13, 2015 3:30 PM |
| **To:** | 'Troy Tindal'; 'Wayman Prince'; kidanama@yahoo.com |
| **Subject:** | RE: HOPE THERAPY v St. ANTHONY'S HOSPITAL |
| **Attachments:** | change of date.docx |

Counsel,
Please see change of date letter attached to this email.

The

# RAMOS
### LAW & MEDIATION FIRM

## Karina Erazo
### Legal Assistant to Dion Ramos
4601 Washington Avenue, Suite 200
Houston, Texas 77007-5433
713/355-9595 - phone
713/758-0157 - fax
karina@dionramos.com
www.dionramos.com

This message may contain attorney-client priviliged communications. May be privileged alternative dispute resolution communication pursuant to Ch. 154.073 of the Texas CPRC.

**From:** Troy Tindal [mailto:troy@tindallawfirm.com]
**Sent:** Friday, February 13, 2015 3:15 PM
**To:** Wayman Prince; karina@dionramos.com; kidanama@yahoo.com
**Subject:** Re: HOPE THERAPY v St. ANTHONY'S HOSPITAL

Let's then reschedule for March 2. Jason LeDay and Deric Outley will attend. The St. Anthony's claims are stayed. Victoria has authorized Jason to settle the claims against her.

On Fri, Feb 13, 2015 at 9:42 AM, Wayman Prince <wayman@wlplaw.com> wrote:

Due to the Appellate Court time restraints March 2, 2015 at 1:00 PM to 5:00 PM (afternoon) will be fine.

All of the Defendants – Four (4) of them, LEDAY, OUTLEY, BABINEAUX AND A REPRESENTATIVE FROM THE HOSPITAL SHOULD BE PRESENT per the Mediation rules, otherwise we will have to keep March 4, 2015 from 1:00 PM to 5:00 PM.

Let me know if this for everyone ASAP.

1

# Exhibit "B"

Request from Attorney Wayman L. Prince,
Appellant, for a Written Power of Attorney on
Defendant, Victoria Babineaux and Reply from
Attorney Tindal for Appellee

2/27/2015

# Wayman Prince

| | |
|---|---|
| **From:** | Troy Tindal <troy@tindallawfirm.com> |
| **Sent:** | Friday, February 27, 2015 11:21 AM |
| **To:** | Wayman Prince |
| **Subject:** | Re: HOPE THERAPY v. ST. ANTHONY'S, et al - Mediation for Monday, March 2, 2015 - Requirement of Victoria Babineaux's Power of Attorney |

You can take my earlier email for what it said.

On Friday, February 27, 2015, Wayman Prince <wayman@wlplaw.com> wrote:

Mr. Tindal:

Since you last informed me in your e-mail that Victoria Babineaux had provided a Power of Attorney to Mr. Jason LeDay to act on her behalf in the Mediation, I will need a **written** General Power of Attorney (in the proper form) in order to authorize Mr. Jason LeDay to act on behalf of Ms. Babineaux at the Mediation.

This written General Power of Attorney should be sent to both the mediator, Dion Ramos, and myself, Attorney Prince, by both fax and e-mail prior to the start of mediation on Monday, March 2, 2015 at 1:00 PM.

In the event that this written General Power of Attorney is **not obtained**, I will expect to see Ms. Babineaux at the mediation on Monday, March 2, 2015 at 1:00 PM.

The **ORIGINAL** General Power of Attorney should be provided to the mediator, Dion Ramos, for his purposes and **according to the TRCP Rules of Mediation**.

Finally, I will expect to see all three (3) of your clients and/or two (2) of your clients **and a written General Power of Attorney** at the mediation on Monday, March 2, 2015 at 1:00 PM.

Your attention has been appreciated, and have a great weekend.

*Sheri J. Glandon*

1

No. 01-14-01011-CV                                          v.

ST. ANTHONY'S HOSPITAL a/k/a LTHM HOUSTON-OPERATIONS, LLC d/b/a
ST. ANTHONY'S HOSPITAL, Individually, as well as Jointly and Severally; AND JASON
LEDAY a/k/a JASON DAMON LEDAY, Individually, as well as Jointly and Severally; and
DERIC OUTLEY a/k/a DERIC DEMOND OUTLEY, Individually, as well as Jointly and
Severally; and VICTORIA MAE BABINEAUX a/k/a VICTORIA SHANEQUIA
BABINEAUX, Individually, as well as Jointly and Severally, Appellees

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Appeal from the 269th District Court
Of Harris County, Texas
Cause No.: 2012-74149

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF SUBMISSION WITHOUT ORAL HEARING

**TO:**   Defendants, **JASON LEDAY a/k/a JASON DAMON LEDAY, INDIVIDUALLY, AS WELL
AS JOINTLY AND SEVERALLY; DERIC OUTLEY a/k/a DERIC DEMOND OUTLEY,
INDIVIDUALLY, AS WELL AS JOINTLY AND SEVERALLY; and VICTORIA MAE
BABINEAUX a/k/a VICTORIA SHANEQUIA BABINEAUX, INDIVIDUALLY, AS WELL AS
JOINTLY AND SEVERALLY,** by and through their Attorney of Record, Troy Ted Tindal. Attorney at
Law, 17225 El Camino Real, Suite 190, Houston, Texas 77058, Office: (832) 691-1519, facsimile: (832)
408-7579; via e-mail: troy@tindallawfirm.com.

**NOW COMES, HOPE THERAPY,** hereinafter designated as Appellant in the

above styled and numbered cause, by and through their Attorney of Record, Wayman L.

Prince, Attorney at Law and files this Notice of Submission without Oral Hearing on

Appellant's Motion and Order for Sanctions Due to Failure of Appellees to Attend

Mediation.  The purpose of this submission is for the Honorable Judge in the First (1st)

Court of Appeals of Harris County, Texas, to consider Plaintiff's Motion for Sanctions

Due to Failure of Appellees to Attend Mediation.

Respectfully submitted,

Wayman L. Prince, Attorney at Law
**LAW OFFICES OF ATTORNEY WAYMAN L. PRINCE**

9111 Katy Freeway – Suite 301
Houston, Texas 77024
(713) 467-1659
(713) 467-1686 Fax
**T.B.A. #16329350**

**ATTORNEY FOR APPELLANT**

No. 01-14-01011-CV                    v.

ST. ANTHONY'S HOSPITAL a/k/a LTHM HOUSTON-OPERATIONS, LLC d/b/a
ST. ANTHONY'S HOSPITAL, Individually, as well as Jointly and Severally; AND JASON
LEDAY a/k/a JASON DAMON LEDAY, Individually, as well as Jointly and Severally; and
DERIC OUTLEY a/k/a DERIC DEMOND OUTLEY, Individually, as well as Jointly and
Severally; and VICTORIA MAE BABINEAUX a/k/a VICTORIA SHANEQUIA
BABINEAUX, Individually, as well as Jointly and Severally, Appellees

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Appeal from the 269th District Court
Of Harris County, Texas
Cause No.: 2012-74149

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF CONFERENCE

**TO:** Appellees, **ST. ANTHONY'S HOSPITAL, et al,** by and through their Attorneys of
Record, Ted Troy Tindal, Attorney at Law, 17225 El Camino Real, Suite 190, Houston,
Texas 77058, Office: (832) 691-1519, facsimile: (832) 408-7579; via e-mail:
troy@tindallawfirm.com.

NOW COMES, the Appellant, **HOPE THERAPY,** by and through their attorney

of record, Wayman L. Prince, Attorney at Law, in the above entitled and numbered

cause, pursuant to Texas Rules of Civil Procedure files this Certificate of Conference on

Motion for Sanctions against Appellees, **ST. ANTHONY'S HOSPITAL, et al.**

Attorney Wayman L. Prince attempted to confer with Appellees' Attorney by

telephone on March 4, 2015 but to no avail; as a result, the Appellant will assume that the

Appellees' Attorney is not in agreement with this Motion and Order.

Respectfully Submitted,

Wayman L. Prince, Attorney at Law
**LAW OFFICES OF ATTORNEY WAYMAN L. PRINCE**
Member of Texas and Iowa Bars
9111 Katy Freeway, Suite 301

Houston, Texas 77024
Telephone (713) 467-1659
Fax (713) 467-1686
Email: Wayman@wlplaw.com
**T.B.A. # 16329350**

**ATTORNEY FOR APPELLANT**

No. 01-14-01011-CV                    v.

ST. ANTHONY'S HOSPITAL a/k/a LTHM HOUSTON-OPERATIONS, LLC d/b/a
ST. ANTHONY'S HOSPITAL, Individually, as well as Jointly and Severally; AND JASON
LEDAY a/k/a JASON DAMON LEDAY, Individually, as well as Jointly and Severally; and
DERIC OUTLEY a/k/a DERIC DEMOND OUTLEY, Individually, as well as Jointly and
Severally; and VICTORIA MAE BABINEAUX a/k/a VICTORIA SHANEQUIA
BABINEAUX, Individually, as well as Jointly and Severally, Appellees

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Appeal from the 269th District Court
Of Harris County, Texas
Cause No.: 2012-74149

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF ATTORNEY WAYMAN L. PRINCE FOR ATTORNEY FEES

**BEFORE ME,** the undersigned authority, on this day personally appeared

Wayman L. Prince, Attorney at Law, who after being duly sworn, states that the

following statements and matters contained in this Affidavit are true and correct based

upon my personal knowledge:

1.      My name is **WAYMAN L. PRINCE.** I am a resident of Harris County,

Texas. I am more than 21 years of age; of sound mind, capable of making this Affidavit,

competent to testify and personally acquainted with the facts and material herein.

2.      My business address is 9111 Katy Freeway, Suite 301, Houston, Texas

77024.

3.      I am currently licensed to practice law in the State of Texas and the State

of Iowa and am a member in good standing of the Texas and Iowa Bars.

4.      I am aware of all of the facts and circumstances involved regarding all the

Pleadings regarding Cause No. 01-14-01011-CV in the First (1st) Court of Appeals in

Houston, Harris County, Texas.

14

5. I have no criminal conviction in the State of Texas or the United States.

6. That the hourly rate of Attorney Wayman L. Prince is Three Hundred Dollars ($300.00) per hour which is a reasonable rate based upon his experience of Forty (40) years [1975 – 2015] of practicing law and is reasonable for an attorney situated in Houston, Harris County, Texas for a case of this type with similar or like experience, based upon complexity, issues, time and labor involved, novelty and skill required to perform, result obtained, client-attorney professional relationship, reputation and ability of attorney and result to be obtained based upon contingency fee contract or fixed legal fee.

7. Attorney Wayman L. Prince has expended five (5) hours on the following: research, preparation for mediation, correspondence, e-mails, consultation, telephone calls, meetings and reviewing documentation regarding the preparation of the Mediation held on Monday, March 2, 2015 from 1:30 PM to 5:30 PM, and the preparation of my client, HOPE THERAPY, from 12:30 PM to 1:30 PM for the Mediation for a total of five (5) hours. **TOTAL            5 hours x $300.00/per hour            $1,500.00**

8. The total amount of hours, five (5) x $300.00 equals One Thousand Five Hundred Dollars ($1,500.00) which is the reasonable amount of Attorney Fees that Attorney Wayman L. Prince and is the aggregate total of equals One Thousand Five Hundred Dollars ($1,500.00) which is the reasonable and customary charge for an attorney of like experience, age and expertise in this area of litigation.

9. That the Court costs or expenses incurred for the Mediation was in the amount of Eight Hundred Dollars ($800.00) payable to mediator Dion Ramos to mediate the Cause No. 01-14-01011-CV in the First (1st) Court of Appeals in Houston,

15

Harris County, Texas, which is the reasonable charge for the mediation of the complexity of this case for a one-half (1/2) day of mediation which was ordered by the First (1st) Court of Appeals on January 21, 2015.

10.     That Attorney Wayman L. Prince is entitled to receive his Attorney Fees of One thousand Five Hundred Dollars ($1,500.00) and mediation costs of Eight Hundred Dollars ($800.00) for a total of Two Thousand Three Hundred Dollars ($2,300.00) because the Appellees did not follow the First (1st) Court of Appeals' Rules on mediation that was clearly explained that all parties with their attorneys must be present in order to mediate this case on its merits and in good faith.

"FURTHER AFFIANT SAYETH NOT".

11.     I have read the above Affidavit and it is true and correct to the best of my personal knowledge.

        WITNESS MY HAND this __4th__ day of March, 2015, at Houston, Harris County, Texas

_____
WAYMAN L. PRINCE, ATTORNEY AT LAW, Affiant

**THE STATE OF TEXAS**          §
                                §
**COUNTY OF HARRIS**            §

        BEFORE ME, the undersigned authority, on this day personally appeared **WAYMAN L. PRINCE, ATTORNEY AT LAW,** known to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

**GIVEN UNDER MY HAND AND SEAL OF OFFICE** __4th__ day of March, 2015.

_____
Notary Public in and for
The State of Texas

SHERI J. GLANDON
My Commission Expires
August 20, 2016

My Commission Expires: __August 20, 2016__

16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the five (5) instruments stated below have been served on the Appellees by and through their Attorney of Record, Ted Troy Tindall, Attorney at Law, Attorney at Law, 17225 El Camino Real, Suite 190, Houston, Texas 77058, Office: (832) 691-1519, facsimile: (832) 408-7579; via e-mail: troy@tindallawfirm.com; and via electronic filing to M. Karinne McCullough, Clerk of the Court of Appeals – First District, 301 Fannin Street, Houston, Texas 77002-2066, in accordance with Rule 25.1(e) of the Rules of Appellate Procedure, , on this the 4th day of March, 2015, in accordance with T.R.C.P. Rule 21(a).

1. Notice of Submission without Oral Hearing;
2. Appellant's Motion for Sanctions Due to Failure of Appellees to Attend Mediation;
3. Certificate of Conference;
4. Order Granting Appellant's Motion for Sanctions Due to Failure of Appellees to Attend Mediation; and
5. Affidavit of Attorney Fees for Attorney Wayman L. Prince.

Sincerely,

Wayman L. Prince, Attorney at Law
**LAW OFFICES OF ATTORNEY WAYMAN L. PRINCE**
Member of Texas and Iowa Bars
9111 Katy Freeway – Suite 301
Houston, Texas 77024
(713) 467-1659
(713) 467-1686 (Facsimile)
**T.B.A. #16329350**

**ATTORNEY FOR APPELLANT**